IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CASINO CRUISELINE CO. INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 24-cv-6002 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| STEPHEN BRAND, individually, | ) | |
| BRAND X MARKETING, INC., a | ) | |
| Florida corporation, CASINO | ) | |
| TRANSPORTATION SOLUTIONS, | ) | |
| LLC, a Florida limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The defendants' motion to dismiss [11] is denied. See Statement below for details. The parties are directed to confer as to a case management and discovery schedule and to submit a joint initial status report (see the Court's website for required contents) by July 1, 2026.

## STATEMENT

Plaintiff Casino Cruiseline Co., Inc. ("Casino Cruiseline") brought this action against Stephen Brand, Brand X Marketing, Inc., and Casino Transportation Solutions, LLC ("CTS") asserting claims arising from the defendants' alleged interference with the plaintiff's relationship with the Alabama-Coushatta Tribe of Texas d/b/a Naskila Gaming ("Naskila Gaming"). R. 1.[1]

## BACKGROUND

According to the complaint, Casino Cruiseline provides transportation services within the casino industry and has spent decades developing customer relationships and a customer database. R. 1 ¶ 8. Brand began working with Casino Cruiseline as an independent contractor to work on its marketing and sales in approximately 1999. For the next 15 years, Brand worked exclusively for Casino Cruiseline in that capacity. By 2014, Brand served in an independent contractor capacity as the company's Senior Vice President of Marketing. *Id.* ¶¶ 9-10. Throughout his relationship

---

[1] Citations to the docket are indicated by "R." followed by the docket number, and, where necessary, a page or paragraph citation.

with Casino Cruiseline, Brand allegedly worked closely with the plaintiff's customers while holding himself out as a senior officer of the company. *Id.* ¶ 11.[2]

Casino Cruiseline further alleges that it entered into a Motorcoach Program with Alabama-Coushatta Tribe of Texas d/b/a Naskila Gaming in September 2023 with a term extending through September 2025. *Id.* ¶ 12-13. The gravamen of the complaint is that while serving as an independent contractor in sales and marketing for Casino Cruiseline, Brand used Casino Cruiseline's confidential and proprietary pricing information to interfere with Casino Cruiseline's 2023 contract with Naskila, inducing Naskila to terminate the 2023 agreement and to enter into a new contract with defendant CTS. remained in effect, Brand "deliberately solicited and directly interfered with" that agreement, causing it to be terminated and/or breached." *Id.* ¶ 14. Naskila Gaming thereafter entered into a contract with defendant Casino Transportation Solutions. *Id.* ¶ 18.

The plaintiff initiated this action in the Circuit Court of Cook County on June 7, 2024. R. 1 at 10. The defendants removed the case to this Court on July 17, 2024. R. 10.[3] The complaint asserts four counts: tortious interference with contract (Count I), tortious interference with prospective business relations (Count II), unfair competition (Count III), and deceptive trade practices (Count IV).[4] R. 1. The defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 11.

## ANALYSIS

A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's claim; it requires the court to assess whether a litigant has "state[d] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bhalerao v. Ill. Dep't of Fin & Prof'l Regulations*, No. 11 C 7558, 2012 WL 5560887, at *2 (N.D. Ill. Nov. 15, 2012) ("A motion to dismiss pursuant to 12(b)(6) tests the sufficiency of the complaint, not the merits of the case."). At this early stage of the proceedings. the Court must accept as true well-pleaded facts and draw reasonable inferences in favor of the plaintiff. *See Ezekial v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

### *Claims versus Counts*

The defendants move to dismiss all four counts, arguing that the complaint fails to plausibly allege the interference claims, that the unfair competition clam is displaced by the Illinois Trade Secrets Act, and that the deceptive trade practices claim fails to allege conduct actionable under the statute. R. 11. Before addressing these arguments, however, it is important to distinguish between claims, counts, and the legal theories invoked in support of the claims. A "claim is the

---

[2] The complaint offers no explanation as to how Brand worked exclusively for Casino Cruiseline as an "independent contractor" for more than 15 years or how he could work as an independent contractor while serving as an officer of the company.

[3] Subject matter jurisdiction is based on the diversity jurisdiction, 28 U.S.C. § 1332. *See* Amended Notice of Removal, R. 10 at ¶¶ 3-4.

[4] The parties do not dispute that Illinois law governs the legal issues in this case.

aggregate of operative facts which give rise to a right enforceable in the courts." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012) (quotation omitted). "Counts" are the authorized device for asserting distinct claims—that is, claims "founded on a separate transaction or occurrence." *See* Fed. R. Civ. P. 10(b). "Counts" and "claims" are not the same thing, though they are often conflated and, as here, are often employed to assert different legal theories in support of a claim.[5] *Shea v. Winnebago Cnty. Sheriff's Dep't*, 746 F. App'x 541, 545 (7th Cir. 2018). But a "complaint need not identify a legal theory, and specifying an incorrect theory is not fatal." *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). No matter how many legal theories, or counts, a plaintiff may assert, they constitute a single "claim" to the extent they are premised on the same facts. "[D]ifferent legal theories . . . do not multiply the number of claims for relief." *NAACP v. Am. Fam. Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir.1992); *see also id*. ("One set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate.").

The complaint in this case sets forth a single claim and offers four legal theories in support of that claim for relief. The claim here is that Brand, using his knowledge of Casino Cruiseline's proprietary pricing information, induced Nilska to breach the 2023 contract and enter into a new contract with CTS. The four theories Casino Cruiseline advances as entitling it to relief based on that claim are the theories set forth in the four counts of the complaint: Tortious Interference with contract; tortious interference with business expectancy; unfair competition; and violation of the deceptive trade practices act.

Distinguishing between claims and legal theories is important because Rule 12(b)(6) permits only the dismissal of claims, not legal theories. "A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). "[A] complaint cannot be dismissed merely because one of the theories on which it proceeds, and the facts alleged in support of that theory, do not make out a claim for relief." *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986). To the extent that any viable legal theory exists to support a claim, that claim will survive a motion to dismiss. *See Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012); *Croixland Props. Ltd. v. Corcoran*, 174 F.3d 213, 218 (D.C. Cir. 1999) ("[I]f one of the theories can survive a Rule 12(b)(6) motion, the district court cannot dismiss the complaint."); *Churchwick Partners, LLC v. Seal Keystone, LLC*, No. 22-cv-02251, 2023 WL 2973801, at *2 (S.D. Ind. Apr. 17, 2023) ("A Rule 12(b)(6) motion cannot be used to dismiss individual legal theories advanced in support of a claim, so long as at least one theory, implicit or explicit, remains[.]"). The time for identifying and testing the viability of legal theories comes after pleading and responding to the complaint, during discovery and the summary judgment process. *ACF 2006 Corp. v. Mark C. Ladendorf, Att'y at L.,*

---

[5] "The use of separate counts to set out different theories of recovery is a mistaken manifestation of the state law 'cause of action' approach, rather than the federal concept of 'claim for relief' (*see NAACP v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir.1991)). That is not what Rule 10(b)'s last sentence defines as the proper role for any such separation of a pleading into different counts." *Bonestroo, Rosene, Anderlik & Assocs., Inc. v. Devery*, No. 05 C 2184, 2006 WL 1005284, at *11 (N.D. Ill. Apr. 12, 2006)

3

*P.C.*, 826 F.3d 976, 981 (7th Cir. 2016) ("Making legal arguments in support of one's claim comes after the pleadings."); *BBL*, 809 F.3d at 325 ("Summary judgment is different. The Federal Rules of Civil Procedure explicitly allow for '[p]artial [s]ummary [j]udgment' and require parties to 'identif[y] each claim or defense—or the part of each claim or defense—on which summary judgment is sought.'") (alterations in original) (quoting Fed. R. Civ. P. 56(a)).

"What this all means is that when two theories based on the same facts—and part of a single claim for relief—are presented in a complaint, and a defendant only challenges the sufficiency of the complaint as to one of the theories, the claim cannot be dismissed." *Winstead v. Lafayette Cnty. Bd. of Cnty. Comm'rs*, 197 F. Supp. 3d 1334, 1341 (N.D. Fla. 2016). "And the challenged theory can't be dismissed, either, because dismissal of theories (as opposed to claims) is inappropriate at the motion to dismiss stage." Id. So here, where the plaintiffs have asserted multiple legal theories in support of a single claim, the defendants face the challenging task of demonstrating that there is no legal theory under which Casino Cruiseline is entitled to relief. If even one legal theory plausibly gives rise to a claim for relief, then it does not matter whether the rest of the theories the plaintiff has advanced, or any theory the plaintiff has not advanced, would succeed or fail. If just one theory could entitle the plaintiff to relief, the complaint cannot be dismissed and a motion pursuant to Rule 12(b)(6) must be denied.

### *Count I: Tortious Interference with Contract*

The defendants move to dismiss the plaintiff's tortious interference claim (Count I). R. 11 ¶ 10-21. To establish a right to relief predicated on a tortious interference theory under Illinois law, a plaintiff must show: (1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages. *Healy v. Metro. Pier & Exposition Auth.*, 804 F.3d 836, 842 (7th Cir. 2015).

The defendants argue that Count I fails because the complaint does not allege facts plausibly showing that defendant induced Naskila Gaming to breach the 2023 Agreement. According to the defendants, the complaint merely recites the elements of tortious interference and relies on conclusory assertions that Brand interfered with the contract "by intentionally soliciting, and inducing Naskila Gaming to breach the 2023 agreement." R. 11 ¶ 14.

The Court disagrees. The complaint sets forth a plausible claim based on tortious interference. The plaintiff alleges that it entered a Motorcoach Program Agreement with Naskila Gaming in September 2023 with a term extending through September 2025. R. 15 ¶ 9. The plaintiff further alleges that Brand was aware of that agreement and, while it remained in effect, "deliberately solicited and directly interfered with the 2023 Agreement, causing same to be terminated or breached." R.1 ¶ 14. The complaint also alleges that the defendants used Brand's extensive knowledge of Casino Cruiseline's customer and pricing structures, enabling it to offer a competing service to Naskila at, it is a fair inference, a lower cost than was set forth in the 2023

contract. Id. ¶¶ 25, 30.[6] And following the breach, Naskila Gaming entered into a contract with defendant Casino Transportation Solutions and that plaintiff suffered damages as a result. *Id.* ¶ 18-19.

In demanding that the complaint narrate facts corresponding to elements that must be proved at trial, the defendant conflates evidentiary and pleading standards. "Lists of things that plaintiffs need to prove concern evidence (at summary judgment and trial); they must not be treated as demands for longer and more detailed pleadings." *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1338 (7th Cir. 2024). At this stage, "[i]t is enough to plead a plausible claim, after which "a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 848 (7th Cir. 2017) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Here, although there is not much meat on the bones of the plaintiff's claim, the complaint provides sufficient notice to the defendant to limn that claim.

Accepting the allegations as true and drawing reasonable inferences in plaintiff's favor, the complaint plausibly alleges tortious interference with contract. The defendants do not challenge any other aspect of the tortious interference with contract theory, so accordingly, the defendants' motion to dismiss Count I is denied. And because the complaint states a plausible claim under at least one theory, the defendants' motion to dismiss the complaint must be denied in its entirety. The identification of the specific legal theories on which the plaintiff will rely, and the evidence supporting those theories, will follow in discovery and pretrial proceedings.

\* \* \*

For the foregoing reasons, the defendants' motion to dismiss is denied.

---

[6] The defendants complain that Counts I and II do not include allegations that the defendants misappropriated its pricing data and used it to induce Naskila to abandon its agreement with Casino Cruiseline, but as explained above, the "counts" set forth in the complaint do not distinguish different claims; based on the allegations of the complaint, there is but one claim asserted based on this set of facts. Further, Casino Cruiseline did nothing inappropriate in clarifying its allegations in its response brief. The Seventh Circuit has confirmed repeatedly that "facts alleged by a plaintiff in a brief in opposition to a motion to dismiss 'may be considered when evaluating the sufficiency of a complaint so long as they are consistent of the allegations in the complaint.'" *Gutierrez v. Peters,* 111 F.3d 1364, 1367 n. 2 (7th Cir.1997); *Albiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir.1997) ("[W]e have held that a plaintiff may supplement the complaint with factual narration in an affidavit or brief.") *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015).

5

Date: June 17, 2026

John J. Tharp, Jr.
United States District Judge